1   JEFFER, MANGELS, BUTLER & MARMARO LLP
    JOEL D. DEUTSCH (Bar No. 102660),
2   JDeutsch@jmbm.com
    RYAN S. MAUCK (Bar No. 223173),
3   RMauck@jmbm.com
    1900 Avenue of the Stars, Seventh Floor
4   Los Angeles, California 90067-4308
    Telephone: (310) 203-8080
5   Facsimile: (310) 203-0567

6   Attorneys for Plaintiffs TOYOTA MOTOR
    SALES, U.S.A., INC. and TOYOTA
7   JIDOSHA KABUSHIKI KAISHA also doing
    business as TOYOTA MOTOR CORPORATION

8

9                UNITED STATES DISTRICT COURT

10               CENTRAL DISTRICT OF CALIFORNIA

11                     CV08-06119  ODW  (FFMx)

12   ─────────────────────────────   CASE NO.

13   TOYOTA MOTOR SALES, U.S.A.,      **COMPLAINT FOR:**
     INC., a California corporation, and
14   TOYOTA JIDOSHA KABUSHIKI         1.   FEDERAL TRADEMARK
     KAISHA also doing business as         DILUTION, 15 U.S.C. § 1125(c);
15   TOYOTA MOTOR CORPORATION, a      2.   FEDERAL TRADEMARK
     Japanese corporation,                 INFRINGEMENT, 15 U.S.C. §
16                                          1114;
              Plaintiffs,
17                                     3.   FEDERAL FALSE
          v.                                DESIGNATION OF
18                                          ORIGIN/FALSE IMPRESSION
     SARKIS BERBERYAN, an individual,       OF ASSOCIATION, 15 U.S.C. §
19   doing business as TOYOLEX; and         1125(a);
     DOES 1 through 10, inclusive,
20                                     4.   COMMON LAW TRADEMARK
              Defendants.                   INFRINGEMENT; and
21
                                       5.   UNFAIR BUSINESS
22                                          PRACTICES, CALIFORNIA
                                            BUSINESS & PROFESSIONS
23                                          CODE § 17200 et seq.

24

25

26

27

28

## JURISDICTION

1.    This Court has jurisdiction of this action under 28 U.S.C. § 1331 (federal question) and § 1338(a) (as a civil action arising under any Act of Congress relating to trademarks) as well as under the Lanham Act, 15 U.S.C. § 1121(a).  Also, pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over the state statutory and common law claims asserted herein.

2.    This is an action for trademark dilution, trademark infringement, false designation of origin/false impression of association, and unfair business practices arising under the Federal Trademark (Lanham) Act, 15 U.S.C. § 1051 *et seq.*, and the statutes and common law of the State of California.

## THE PARTIES

3.    Plaintiff Toyota Jidosha Kabushiki Kaisha, also doing business as Toyota Motor Corporation ("TMC"), is a Japanese corporation having its principal offices at 1 Toyota-Cho, Toyota, Aichi 471, Japan.

4.    Plaintiff Toyota Motor Sales, U.S.A., Inc. ("TMS") is a California corporation having its principal offices at 19001 South Western Avenue, Torrance, California 90501.  Plaintiff Toyota Motor Sales, U.S.A., Inc. is a wholly-owned subsidiary of Plaintiff Toyota Motor Corporation and is the exclusive importer and distributor of TOYOTA and LEXUS automobiles throughout the United States (except the State of Hawaii).  Plaintiff Toyota Motor Corporation and Plaintiff Toyota Motor Sales, U.S.A., Inc. are hereinafter referred to collectively as Plaintiffs.

5.    Plaintiffs are informed and believe, and on that basis allege, that defendant SARKIS BERBERYAN is, and at all times relevant hereto was, doing business as TOYOLEX ("Defendant"), with its principal place of business at 936 S. Glendora Ave, West Covina, California 91790.  Plaintiffs are informed and believe, and on that basis allege, that Defendant is in the business of providing automotive services.  Plaintiffs are further informed and believe, and on that basis allege, that Defendant is doing business in California, including in this judicial district.

PRINTED ON
RECYCLED PAPER

JMBM | Jeffer Mangels Butler & Marmaro LLP

5269094v5

6.     Plaintiffs are unaware of the true names and capacities of the defendants sued in this action by the fictitious names Does 1 through 10 (all of the defendants including Does 1 through 10 are referred to collectively as "Defendants" or as otherwise stated herein).  Plaintiffs will amend this complaint when those names and/or capacities become known to it.  Plaintiffs are informed, believe, and based thereon allege, that each of the fictitiously named defendants is in some manner responsible for the events and allegations set forth in this complaint.  Plaintiffs are informed, believe, and based thereon allege, that the Defendants in committing the wrongs against Plaintiffs as alleged herein were at all relevant times the agents, servants, employees, principals, joint venturers, alter egos, and/or partners of each other.  Plaintiffs are further informed, believe, and based thereon allege that in doing the things alleged in this complaint, Defendants were acting within the scope of authority conferred upon that defendant by the consent, approval and/or ratification of the other defendant(s), whether said authority was actual or apparent.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF
## THE TOYOTA AND LEXUS MARKS

7.     For many years prior to the acts complained of herein, TMS has been continuously engaged in the importation, distribution, and sale of automobiles, utility vehicles, motor trucks and structural parts and accessories therefor (hereinafter "Motor Vehicle Products") which it markets throughout the United States (except the State of Hawaii).

8.     Long prior to the acts complained of herein, TMS commenced use of the mark TOYOTA (the "TOYOTA Mark") in the United States, as a trade name and as a trademark/service mark, in connection with the importation, distribution, and sale of Motor Vehicle Products, and with the provision of related repair and maintenance services.  Since at least as early as 1958, TMS has continuously used the TOYOTA Mark on or in connection with the advertising and sale of such goods and services in

JMBM | Jeffer Mangels
Butler & Marmarou

PRINTED ON
RECYCLED PAPER

1    the United States.  The use of the TOYOTA Mark in the United States inured and

2    inures to the benefit of TMC.

3         9.    As a result of the extensive and substantial advertising and sales of

4    Motor Vehicle Products and related automobile repair and maintenance services

5    under the TOYOTA Mark, and the maintenance of high quality standards relating

6    thereto, said mark has become extremely well known to the public and the

7    automotive trade throughout the United States as highly distinctive indications of

8    origin.  Indeed, the TOYOTA Mark is famous and is among the most famous marks

9    in the United States, as the term "famous" is defined by the Lanham Act, 15 U.S.C. §

10   1125(c)(1).

11        10.   The TOYOTA Mark is inherently distinctive in designating the source of

12   goods and/or services advertised, marketed, sold, or used in connection with the

13   marks.

14        11.   TMC duly registered TOYOTA as a mark for:

15             a)  automobiles and motor trucks under Registration No. 843,138, which

16   issued January 30, 1968 and which has been duly renewed;

17             b)  automobiles, motor trucks, forklift trucks, towing tractors, and

18   structural parts for said goods under Registration No. 1,274,261, which issued April

19   17, 1984 and which has been duly renewed;

20             c)  financing the purchases of vehicles by others and vehicle renting and

21   leasing services under Registration No. 1,338,339, which issued May 28, 1985 and

22   which has been duly renewed;

23             d)  brake fluid and transmission fluid for use in motor vehicles, and

24   lubricating oils and lubricating greases for use in motor vehicles under Registration

25   No. 1,589,552, which issued April 3, 1990 and which has been duly renewed;

26             e)  engine coolant and engine antifreeze for use in motor vehicles under

27   Registration No. 1,698,252, which issued June 30, 1992 and which has been duly

28   renewed;

PRINTED ON
RECYCLED PAPER

JMBM | Jeffer Mangels
Butler & Marmaro LLP

1        f)  a wide variety of automotive structural parts, automotive accessories

2  and other products under Registration No. 1,721,365, which issued October 6, 1992

3  and which has been duly renewed; and

4        g)  repair and maintenance services for automotive vehicles under

5  Registration No. 1,888,870, which issued April 11, 1995 and which has been duly

6  renewed.

7       12.    The foregoing registrations are incontestable and are thus conclusive

8  evidence of the validity and ownership of the exclusive right to use the marks in

9  commerce, as provided by 15 U.S.C. §§ 1065 and 1115(b), and are constructive

10  notice of ownership of the TOYOTA Mark, as provided by 15 U.S.C. §§ 1057(b) and

11  1072. True and correct copies of the registrations are attached hereto as Exhibit A.

12      13.    Long prior to the acts complained of herein, TMS commenced use of the

13  mark LEXUS and a stylized "L" Logo in the United States (collectively, the "LEXUS

14  Marks"), as a trade name and as a trademark/service mark, in connection with the

15  importation, distribution, and sale of Motor Vehicle Products, and with the provision

16  of related repair and maintenance services. Since at least as early as 1989, TMS has

17  continuously used the LEXUS Marks on or in connection with the advertising and

18  sale of such goods and services in the United States. The use of the LEXUS Marks in

19  the United States inured and inures to the benefit of TMC.

20      14.    As a result of the extensive and substantial advertising and sales of

21  Motor Vehicle Products and related automobile repair and maintenance services

22  under the LEXUS Marks, and the maintenance of high quality standards relating

23  thereto, said marks have become extremely well known to the public and the

24  automotive trade throughout the United States as highly distinctive indications of

25  origin. Indeed, the "L" Logo and LEXUS mark are famous and are among the most

26  famous marks in the United States, as the term "famous" is defined by the Lanham

27  Act, 15 U.S.C. § 1125(c)(1).

28

15.     The "L" Logo and LEXUS mark are inherently distinctive in designating the source of goods and/or services advertised, marketed, sold, or used in connection with the marks.

16.     TMC duly registered LEXUS as a trademark for, among other things:

a)  automobiles under Registration No. 1,574,718, which issued January 2, 1990, and which has been duly renewed;

b)  repair and maintenance services for automotive vehicles and automotive vehicle leasing services under Registration No. 1,675,339, which issued February 11, 1992, and has been duly renewed;

c)  financing the purchasing and leasing of automobiles under Registration No. 1,739,201, which issued December 8, 1992, and has been duly renewed;

d)  cellular telephones under Registration No. 1,814,753, which issued January 4, 1994, and has been duly renewed;

e)  key rings, compact disc holders, clocks, ballpoint pens, umbrellas, drinking cups, jackets, sweat shirts, caps, sweaters, polo shirts, sport shirts, pullovers, windbreakers, golf shirts, golf balls and golf bags under Registration No. 1,834,147 which issued May 3, 1994 and which has been duly renewed; and

f)  watches, binders and business card holders, traveling bags, bottles, and stuffed toy animals under Registration No. 2,852,290, which issued June 15, 2004.

17.     TMC duly registered the "L" Logo in the United States Patent and Trademark Office as a trademark for automobiles and structural parts therefor under Registration No. 1,619,755, which issued on October 30, 1990, and has been duly renewed.  The "L" Logo is also registered as part of Registration Nos. 1,814,753, 1,834,147 and 2,852,290, described above.

18.     The registrations identified in the foregoing paragraphs 16(a) through (e) are incontestable and are thus conclusive evidence of the validity and ownership of

PRINTED ON
RECYCLED PAPER

5269094v5

JMBM | Jeffer Mangels Butler & Marmaro LLP

1  the exclusive right to use the marks in commerce, as provided by 15 U.S.C. §§ 1065

2  and 1115(b), and are constructive notice of ownership of the marks LEXUS and "L"

3  stylized Logo, as provided by 15 U.S.C. §§ 1057(b) and 1072.  True and correct

4  copies of the registrations are attached hereto as Exhibit B.

5  **DEFENDANTS' ACTIONS**

6  19.    Notwithstanding the well-known and prior established rights in the

7  TOYOTA and LEXUS Marks, Defendants, without authorization, have operated

8  under a name that is confusingly similar to the names "TOYOTA" and "LEXUS,"

9  that dilutes the marks TOYOTA and LEXUS, and that creates the false impression

10  that Defendants are licensed by Plaintiffs or otherwise approved of or sponsored by

11  Plaintiffs.  In connection with their business of providing automotive services, and

12  without authorization, Defendants have used the mark "TOYOLEX" as the official

13  name of the business and on stationery, business cards, and other materials.

14  Defendants also portray this name in a font similar to that used for the mark LEXUS.

15  20.    In addition to using the name TOYOLEX, Defendants have also

16  prominently displayed the mark "LEXUS" and the "L" Logo at their business location

17  in a manner that suggests that Defendants are licensed by or bear some connection

18  with Plaintiffs, and is calculated to confuse and deceive consumers.  (Collectively,

19  the "TOYOLEX" name and Defendants' uses of the LEXUS Marks are referred to

20  herein as the "Infringing Marks").

21  21.    Defendants adopted and began using the name TOYOLEX and began

22  displaying the LEXUS mark and the "L" Logo at their business long after TOYOTA,

23  LEXUS and the "L" Logo became famous and long after the TOYOTA and LEXUS

24  Registrations issued.

25  22.    Defendants have not been authorized, licensed, or given permission by

26  Plaintiffs to use the TOYOTA or LEXUS Marks in any manner whatsoever,

27  including, without limitation, in connection with marketing and promotional activities

28

JMBM | Jeffer Mangels Butler & Marmaro LLP

PRINTED ON
RECYCLED PAPER

5269094v5

1    in connection with Defendants' business.  In fact, there is no connection or

2    association or licensing relationship between Plaintiffs and Defendants.

3         23.     Defendants' use of the name TOYOLEX and Defendants' use of the

4    LEXUS Mark and "L" Logo are causing and will continue to cause damage to the

5    reputation and goodwill in and to the value of the TOYOTA and LEXUS Marks.

6    Plaintiffs have no way to control what goods or services are sold or offered, or what

7    goods or services Defendants intend to offer, under the name TOYOLEX or in

8    displaying the LEXUS Marks.  Therefore, the reputation, goodwill and standards of

9    excellence associated with TOYOTA, LEXUS and the "L" Logo will be in jeopardy.

10   Any problems that arise in connection with Defendants' use or intended use of the

11   TOYOTA and LEXUS Marks will negatively and detrimentally impact the TOYOTA

12   and LEXUS Marks and the trust among the customers of TOYOTA and LEXUS

13   brand automobiles and vehicle services and the consuming public at large.

14        24.     Defendants adopted and used the name TOYOLEX knowing and

15   intending that it was confusingly similar to the TOYOTA and LEXUS Marks, and

16   compounded this confusion by deliberately using the LEXUS mark and "L" Logo to

17   further confuse customers into believing that Defendants are affiliated with Plaintiffs.

18       25.     Beginning as early as July 2005, TMS informed Defendants that they

19   were infringing Plaintiffs' rights, and demanded that Defendants cease using the

20   TOYOLEX name and cease using the LEXUS Marks.  Plaintiffs subsequently sent

21   multiple written objections to Defendants regarding their use of TMC's marks.

22   Defendants have refused to discontinue their unlawful and infringing use, thereby

23   necessitating the filing of this action to stop Defendants' unlawful and infringing

24   conduct.

25

### FIRST CLAIM FOR RELIEF

26

### (Federal Trademark Dilution, 15 U.S.C. § 1125(c))

27       26.     TMC realleges and incorporates herein by reference paragraphs 1-25 of

28   this Complaint.

JMBM | Jeffer Mangels Butler & Marmaro LLP

PRINTED ON
RECYCLED PAPER

5269094v5

27.     As a direct and proximate result of Defendants' unlawful activities, TMC has been damaged and will continue to be damaged by Defendants' dilution of the TOYOTA and LEXUS Marks.  Pursuant to 15 U.S.C. §§ 1116(a) and 1125(c), TMC is entitled to an order enjoining Defendants from using the Infringing Marks, and any other mark similar to the TOYOTA or LEXUS Marks in a manner that dilutes TMC's marks.

28.     Defendants' conduct alleged herein was intentional and in conscious disregard of TMC's rights.

29.     Defendants' conduct makes this an exceptional case under 15 U.S.C. § 1117(a), and TMC is entitled to an award of attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF

### (Federal Trademark Infringement, 15 U.S.C. § 1114)

30.     TMC realleges and incorporates herein by reference paragraphs 1-29 of this Complaint.

31.     Defendants' use of the Infringing Marks in connection with their business goods and services is likely to cause confusion, mistake, and deception as to source, origin, affiliation, or sponsorship between Plaintiffs and Defendants and therefore constitutes infringement under 15 U.S.C. § 1114.

32.     Unless an injunction is issued enjoining the use of the Infringing Marks by Defendants, or any mark confusingly similar thereto, such use is likely to continue to cause confusion, mistake, or deception as to source, origin, affiliation, or sponsorship, thereby irreparably injuring TMC.

33.     As a direct and proximate cause of Defendants' conduct, TMC has been damaged and will continue to be damaged.  Pursuant to 15 U.S.C. § 1116(a), TMC is entitled to an order enjoining Defendants from using the Infringing Marks, and any other mark confusingly similar to the TOYOTA or LEXUS Marks, in connection with their business in a manner that infringes TMC's rights.

34.     Defendants' conduct alleged herein was intentional and in conscious disregard of TMC's rights.

35.     Defendants' conduct makes this an exceptional case under 15 U.S.C. § 1117(a), and TMC is entitled to an award of attorneys' fees and costs.

### THIRD CLAIM FOR RELIEF

### (Federal False Designation of Origin/False Impression of Association, 15 U.S.C. § 1125(a))

36.     Plaintiffs reallege and incorporate herein by reference paragraphs 1-35 of this Complaint.

37.     Defendants' use of the Infringing Marks in connection with their business, including the official name of the business TOYOLEX and on stationery, business cards, Yellow Page listings and other materials, is a false designation of origin and false or misleading representation of fact which is likely to cause confusion, or to cause mistake, or to deceive as to an affiliation, connection, or association between Plaintiffs and Defendants, and is likely to cause confusion, mistake, or deception as to the origin, sponsorship or approval of Defendants' goods and services by Plaintiffs or, conversely, Plaintiffs' goods and services by Defendants, all in violation of 15 U.S.C. § 1125(a).

38.     Unless an injunction is issued enjoining the use of the Infringing Marks by Defendants, or any mark confusingly similar thereto, Defendants will continue to create a false impression concerning an association between Plaintiffs and Defendants, a false designation of the origin of Defendants' goods and services, and confusion as to a connection between Plaintiffs and Defendants.

39.     As a direct and proximate cause of Defendants' creation of a false impression of association between Plaintiffs and Defendants, and Defendants' use of a false designation of origin and false or misleading representation of fact in connection with Defendants' goods and services, Plaintiffs have been damaged and will continue to be damaged.

PRINTED ON
RECYCLED PAPER

40.   Defendants' conduct alleged herein was intentional and in conscious disregard of Plaintiffs' rights.

41.   Defendants' acts make this an exceptional case under 15 U.S.C. § 1117(a), and Plaintiffs are entitled to an award of attorneys' fees and costs.

## FOURTH CLAIM FOR RELIEF

### (Common Law Trademark Infringement)

42.   TMC realleges and incorporates herein by reference paragraphs 1-41 of this Complaint.

43.   Defendants' acts alleged herein constitute common law trademark infringement under California state law.

44.   TMC has been damaged and will continue to be damaged by Defendants' infringing activities.

45.   Pursuant to California common law, TMC is entitled to an injunction prohibiting Defendants from continuing the infringing practices described herein.

46.   Pursuant to California common law, TMC is also entitled to recover its attorneys' fees and costs from Defendants as a result of Defendants' trademark infringement alleged herein.

## FIFTH CLAIM FOR RELIEF

### (Unfair Business Practices -

### California Business & Professions Code § 17200 et seq.)

47.   Plaintiffs reallege and incorporate herein by reference paragraphs 1-46 of this Complaint.

48.   Defendants' acts alleged herein constitute unlawful, unfair and fraudulent business practices and misleading advertising pursuant to California Business & Professions Code § 17200 et seq.

49.   Plaintiffs have been damaged and will continue to be damaged by Defendants' unlawful, unfair and fraudulent business practices and misleading advertising as alleged herein.

JMBM | Jeffer Mangels
Butler & Marmaro LLP

1    50.    Plaintiffs are entitled to an injunction prohibiting Defendants from

2    continuing the practices alleged herein and Plaintiffs' attorneys' fees and costs from

3    Defendants as a result of the unlawful, unfair and fraudulent business practices

4    alleged herein.

5                              **PRAYER FOR RELIEF**

6         WHEREFORE, Plaintiffs pray for relief as follows:

7         A.    For a preliminary and permanent injunction enjoining Defendants and

8    their officers, agents, servants, employees, attorneys, and upon those persons in active

9    concert or participation with them who receive actual notice of the order by personal

10   service or otherwise from:

11             1)    Marketing, selling, or advertising goods and services under the

12   name TOYOLEX, or any other mark confusingly similar to the TOYOTA and

13   LEXUS Marks, or otherwise using the TOYOTA and LEXUS Marks or any mark

14   confusingly similar to the TOYOTA and LEXUS Marks in Defendants' business in a

15   manner that infringes Plaintiff TMC's rights;

16             2)    Using any false designation of origin, or any false or misleading

17   description of fact, including the Infringing Marks, or any other mark confusingly

18   similar to the TOYOTA and LEXUS Marks, that can, or are likely to, lead the

19   consuming public, or individual members thereof, to believe that any goods or

20   services produced, promoted, marketed, advertised, provided, or sold by Defendants

21   are in any manner associated or connected with Plaintiffs, or are licensed, approved

22   or authorized in any way by Plaintiffs;

23             3)    Diluting the distinctive quality of the TOYOTA and LEXUS

24   Marks or injuring Plaintiffs' business reputation in any manner whatsoever; and

25             4)    Unfairly competing with Plaintiffs in any manner whatsoever, or

26   engaging in any unfair, fraudulent or deceptive business practices that relate in any

27   way to the manufacture, distribution, advertisement, and sale of goods or services

28

PRINTED ON
RECYCLED PAPER

5269094v5

JMBM | Jeffer Mangels Butler & Marmaro LLP

1   under the Infringing Marks, or any other mark confusingly similar to the TOYOTA

2   and LEXUS Marks.

3        B.    For an order directing Defendants to file with the Court and serve upon

4   Plaintiffs' counsel, within thirty (30) days after entry of the order of injunction, a

5   report setting forth the manner and form in which Defendants have complied with the

6   injunction.  (15 U.S.C. 1116(a)).

7        C.    For an order requiring Defendants to destroy immediately all goods and

8   promotional, marketing, and advertising materials, including, without limitation,

9   advertisements, and brochures, bearing the name TOYOLEX, and to change the name

10  of its business to a name in accordance with this Prayer for Relief.  (15 U.S.C.

11  1116(a)).

12       D.    For an order finding that, by the acts complained of herein, Defendants

13  have diluted the TOYOTA and LEXUS Marks and/or injured Plaintiffs' business

14  reputation, in violation of 15 U.S.C. § 1125(c).

15       E.    For an order finding that, by the acts complained of herein, Defendants

16  have infringed the federally registered TOYOTA and LEXUS Marks in violation of

17  15 U.S.C. § 1114.

18       F.    For an order finding that, by the acts complained of herein, Defendants

19  have created a false designation of origin and/or a false impression of association, in

20  violation of 15 U.S.C. § 1125(a).

21       G.    For an order finding that, by the acts complained of herein, Defendants

22  have engaged in unfair competition and acts of unfair and deceptive business

23  practices in violation of California Business & Professions Code § 17200 et seq.

24       H.    For an order finding that, by the acts complained of herein, Defendants

25  have engaged in common law trademark and trade name infringement under

26  California state law.

27       I.    For an order awarding Plaintiffs all of their costs, including their

28  attorneys' fees, incurred in prosecuting this action.

PRINTED ON
RECYCLED PAPER

5269094v5

1      J.    For an order awarding Plaintiffs such other and further relief, not to

2  include compensatory damages, as the Court may deem just and proper.

3

4  DATED:  September 17, 2008    JEFFER, MANGELS, BUTLER & MARMARO LLP

5

6                  By: _____

7                          RYAN S. MAUCK
                  Attorneys for Plaintiffs TOYOTA MOTOR

8                  SALES, U.S.A., INC. and TOYOTA
                  JIDOSHA KABUSHIKI KAISHA ALSO DOING

9                  BUSINESS AS TOYOTA MOTOR
                  CORPORATION

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PRINTED ON
RECYCLED PAPER

JMBM | Jeffer Mangels Butler & Marmaro LLP

5269094v5

# EXHIBIT A

Int. Cl.: 12

Prior U.S. Cl.: 19

United States Patent and Trademark Office

Renewal

Reg. No. 843,138
Registered Jan. 30, 1968
OG Date Aug. 1, 1989

## TRADEMARK
### PRINCIPAL REGISTER

# TOYOTA

TOYOTA    JIDOSHA    KABUSHIKI
KAISHA (JAPAN CORPORATION)
1, TOYOTA-CHO, TOYOTA-SHI
AICHI-KEN, JAPAN 471, BY CHANGE
OF NAME FROM TOYOTA MOTOR
COMPANY, LTD. (JAPAN CORPORA-
TION) AICHI-KEN, JAPAN

THE ENGLISH TRANSLATION OF
"TOYOTA" IS "RICHFIELD."

FOR: AUTOMOBILES AND MOTOR
TRUCKS, IN CLASS 19 (INT. CL. 12).

FIRST USE 3–29–1958; IN COMMERCE
3–29–1958.

SER. NO. 273,449, FILED 6–9–1967.

*In testimony whereof I have hereunto set my hand
and caused the seal of The Patent and Trademark
Office to be affixed on Aug. 1, 1989.*

COMMISSIONER OF PATENTS AND TRADEMARKS

Int. Cl.: 12

Prior U.S. Cls.: 19 and 23

## United States Patent and Trademark Office

Reg. No. 1,274,261
Registered Apr. 17, 1984

## TRADEMARK
### Principal Register

# TOYOTA

Toyota Jidosha Kabushiki Kaisha (Japan corporation),
   a.k.a. Toyota Motor Corporation
1, Toyota-cho
Toyota-shi, Aichi-ken, Japan

For: AUTOMOBILES, MOTOR TRUCKS, FORKLIFT TRUCKS, TOWING TRACTORS, AND STRUCTURAL PARTS FOR SAID GOODS, in CLASS 12 (U.S. Cls. 19 and 23).

First use Mar. 29, 1958; in commerce Mar. 29, 1958.

Owner of U.S. Reg. No. 843,138.

Ser. No. 419,516, filed Mar. 31, 1983.

THOMAS S. LAMONE, Examining Attorney

Int. Cls.: 36 and 39

Prior U.S. Cls.: 100, 102 and 105

**United States Patent and Trademark Office**

Reg. No. 1,338,339
Registered May 28, 1985

## SERVICE MARK
### PRINCIPAL REGISTER

# TOYOTA

TOYOTA JIDOSHA KABUSHIKI KAISHA (JAPAN CORPORATION), A.K.A. TOYOTA MOTOR CORPORATION
1, TOYOTA-CHO
TOYOTA-SHI, AICHI-KEN, JAPAN

FOR: FINANCING THE PURCHASES OF VEHICLES BY OTHERS, IN CLASS 36 (U.S. CL. 102).

FIRST USE 2–22–1983; IN COMMERCE 2–22–1983.

FOR: VEHICLE RENTING AND LEASING SERVICES, IN CLASS 39 (U.S. CLS. 100 AND 105).

FIRST USE 11–1–1979; IN COMMERCE 11–1–1979.

OWNER OF U.S. REG. NO. 843,138.

THE JAPANESE WORD "TOYOTA" MAY BE TRANSLATED AS "RICHFIELD".

SER. NO. 465,702, FILED 2–14–1984.

JEANNETTE M. LOPEZ, EXAMINING ATTORNEY

Int. Cls.: 1 and 4

Prior U.S. Cls.: 6 and 15

## United States Patent and Trademark Office

Reg. No. 1,589,552
Registered Apr. 3, 1990

### TRADEMARK
PRINCIPAL REGISTER

## TOYOTA

TOYOTA JIDOSHA KABUSHIKI KAISHA (JAPAN CORPORATION), AKA TOYOTA MOTOR CORPORATION
1, TOYOTA-CHO, TOYOTA-SHI
AICHI-KEN, JAPAN

FOR: BRAKE FLUID AND TRANSMISSION FLUID FOR USE IN MOTOR VEHICLES, IN CLASS 1 (U.S. CL. 6).

FOR: LUBRICATING OILS AND LUBRICATING GREASES FOR USE IN MOTOR VEHICLES, IN CLASS 4 (U.S. CL. 15).

OWNER OF JAPAN REG. NO. 1570566, DATED 2–25–1983, EXPIRES 2–25–1993.

OWNER OF U.S. REG. NOS. 843,137, 843,138, AND 1,274,261.

THE ENGLISH TRANSLATION OF THE WORD "TOYOTA" IN THE MARK IS "RICHFIELD".

SER. NO. 73–766,767, FILED 12–1–1988.

MICHELLE S. WISEMAN, EXAMINING ATTORNEY

Int. Cl.: 1

Prior U.S. Cl.: 6

## United States Patent and Trademark Office

Reg. No. 1,698,252
Registered June 30, 1992

## TRADEMARK
### PRINCIPAL REGISTER

## TOYOTA

TOYOTA JIDOSHA KABUSHIKI KAISHA (JAPAN CORPORATION), AKA TOYOTA MOTOR CORPORATION,
1, TOYOTA-CHO, TOYOTA-SHI
AICHI-KEN, JAPAN

FOR: ENGINE COOLANT AND ENGINE ANTIFREEZE FOR USE IN MOTOR VEHI-CLES, IN CLASS 1 (U.S. CL. 6).
FIRST USE 10-0-1990; IN COMMERCE 10-0-1990.

OWNER OF U.S. REG. NOS. 843,137, 1,589,552, AND OTHERS.

THE ENGLISH TRANSLATION OF THE WORD "TOYOTA" IN THE MARK IS "RICH-FIELD".

SN 74-035,259, FILED 3-6-1990.

TINA POMPEY, EXAMINING ATTORNEY

Int. Cls.: 6, 7, 8, 9, 11, 12, 14, 17, 24 and 27

Prior U.S. Cls.: 1, 8, 13, 19, 21, 23, 24, 25,
   26, 27, 31, 32, 34, 35, 36, 42 and 50

## United States Patent and Trademark Office

Reg. No. 1,721,365
Registered Oct. 6, 1992

## TRADEMARK
### PRINCIPAL REGISTER

## TOYOTA

TOYOTA JIDOSHA KABUSHIKI KAISHA (JAPAN CORPORATION), TA TOYOTA MOTOR CORPORATION
1, TOYOTA-CHO, TOYOTA-SHI
AICHI-KEN, JAPAN

FOR: PARTS AND COMPONENTS MADE OF METAL FOR AUTOMOBILES, TRUCKS, AND AUTOMOTIVE VANS; NAMELY, WHEEL CHOCKS FOR LAND VEHICLES, LOCK CYLINDER AND KEY SETS, KEY BLANKS, CYLINDER HEAD GASKETS FOR INTERNAL COMBUSTION ENGINES, BOLTS, NUTS, WASHERS, PULLEYS, BRACKETS, SHROUDS, SPACERS, RIVETS, SCREWS, METALLIC PLATES, CLIPS, PLUGS, TUBING, SPRINGS, ELBOWS FOR PIPING AND TUBING, MOTION LIMITING STOPS, COTTER PINS, SHAFT PINS, SHAFTS, HOUSINGS, COVERS, HANGERS, CLAMPS, SUPPORTS, BAFFLES, SNAP RINGS, SHAFT KEYS, COLLARS, GROMMETS, UNIONS, SHIMS, TURNBUCKLES, DRAIN COCKS, GREASE FITTINGS , IN CLASS 6 (U.S. CLS. 13 AND 25).

FIRST USE 4-1-1958; IN COMMERCE 4-1-1958.

FOR: PARTS AND COMPONENTS FOR AUTOMOBILES, TRUCKS, AND AUTOMOTIVE VANS; NAMELY, WINCHES, AND PARTS THEREOF, AND MOUNTING HARDWARE THEREFOR; WINCH KITS; ALTERNATORS, AND PARTS THEREOF, AND MOUNTING HARDWARE THEREFOR; WINCH KITS; ALTERNATORS, AND PARTS THEREOF, AND MOUNTING HARDWARE THEREFOR; GENERATORS, AND PARTS THEREOF, AND MOUNTING HARDWARE THEREFOR; STARTER PARTS AND COMPONENTS; NAMELY, CLUTCH ASSEMBLIES AND PARTS THEREOF; HOUSING ASSEMBLIES AND PARTS THEREOF; IGNITION PARTS FOR INTERNAL COMBUSTION ENGINES; NAMELY, GLOW PLUGS, CABLES, SPARK PLUGS, COILS, POINTS, CONDENSERS, ROTORS, DISTRIBUTORS AND PARTS THEREOF, DISTRIBUTOR CAPS, VACUUM ADVANCES; INTERNAL COMBUSTION ENGINE PARTS; NAMELY, PISTONS, PISTON SETS, PISTON RINGS, PISTON RING SETS, PISTON CONNECTING ROD SUB-ASSEMBLIES AND PARTS THEREOF, PISTON SUBBASSEMBLIES WITH PINS, INTAKE VALVES, EXHAUST VALVES; CARBURETORS AND PARTS THEREOF AND MOUNTING HARDWARE THEREFOR; THROTTLE LINKAGE PARTS; IDLE ADJUSTMENT PARTS; FUEL INJECTION PUMPS AND PARTS THEREOF AND HOUSING THEREFOR; THROTTLE BODY ASSEMBLIES AND PARTS THEREOF; TURBOCHARGER ASSEMBLIES, FUEL INJECTOR ASSEMBLIES, TUNE-UP KITS, CARBURETOR KITS, CHOKE CONTROL KITS, ROTOR KITS, IGNITION KITS, GOVERNOR COVERS, JOURNAL BEARINGS, THRUST BEARINGS, ROLLER BEARINGS, BALL BEARINGS, BUSHINGS; COMPRESSORS FOR AIR CONDITIONERS AND PARTS THEREOF; COMPRESSOR CLUTCHES AND PARTS THEREOF, IN CLASS 7 (U.S. CLS. 19, 21, 23 AND 24).

FIRST USE 4-1-1958; IN COMMERCE 4-1-1958.

Int. Cl.: 37

Prior U.S. Cl.: 103

## United States Patent and Trademark Office

Reg. No. 1,888,870
Registered Apr. 11, 1995

### SERVICE MARK
### PRINCIPAL REGISTER

## TOYOTA

TOYOTA JIDOSHA KABUSHIKI KAISHA (JAPAN CORPORATION), TA TOYOTA MOTOR CORPORATION
1, TOYOTA-CHO, TOYOTA-SHI
AICHI-KEN, JAPAN

FOR: REPAIR AND MAINTENANCE SERVICES FOR AUTOMOTIVE VEHICLES, IN CLASS 37 (U.S. CL. 103).

FIRST USE 12–31–1958; IN COMMERCE 12–31–1958.

OWNER OF U.S. REG. NOS. 843,137, 1,769,262 AND OTHERS.

SER. NO. 74–517,392, FILED 4–26–1994.

ANTHONY LUPO, EXAMINING ATTORNEY

21

# EXHIBIT B

Int. Cl.: 12

Prior U.S. Cl.: 19

## United States Patent and Trademark Office

Reg. No. 1,574,718
Registered Jan. 2, 1990

## TRADEMARK
### PRINCIPAL REGISTER

## LEXUS

TOYOTA JIDOSHA KABUSHIKI KAISHA (JAPAN CORPORATION)
1, TOYOTA-CHO, TOYOTA-SHI
AICHI-KEN, JAPAN

FOR: AUTOMOBILES, IN CLASS 12 (U.S. CL. 19).

PRIORITY CLAIMED UNDER SEC. 44(D) ON BENELUX CONV APPLICATION NO. 693390, FILED 2-17-1987, REG. NO. 426733, DATED 2-17-1987, EXPIRES 2-17-1997.

SER. NO. 73-676,634, FILED 8-5-1987.

DAVID H. STINE, EXAMINING ATTORNEY

Int. Cls.: 37 and 39

Prior U.S. Cls.: 100, 103 and 105

## United States Patent and Trademark Office

Reg. No. 1,675,339

Registered Feb. 11, 1992

### SERVICE MARK
### PRINCIPAL REGISTER

## LEXUS

TOYOTA JIDOSHA KABUSHIKI KAISHA (JAPAN CORPORATION), AKA TOYOTA MOTOR CORPORATION
1, TOYOTA-CHO, TOYOTA-SHI
AICHI-KEN, JAPAN

FOR: REPAIR AND MAINTENANCE SERVICES FOR AUTOMOTIVE VEHICLES, IN CLASS 37 (U.S. CL. 103).

FIRST USE 8–2–1989; IN COMMERCE 8–2–1989.

FOR: AUTOMOTIVE VEHICLE LEASING SERVICES , IN CLASS 39 (U.S. CLS. 100 AND 105).

FIRST USE 8–2–1989; IN COMMERCE 8–2–1989.

OWNER OF U.S. REG. NO. 1,574,718.

SER. NO. 74–109,269, FILED 10–26–1990.

CHRISIE B. KING, EXAMINING ATTORNEY

Int. Cl.: 36

Prior U.S. Cl.: 102

## United States Patent and Trademark Office

Reg. No. 1,739,201
Registered Dec. 8, 1992

### SERVICE MARK
### PRINCIPAL REGISTER

## LEXUS

TOYOTA JIDOSHA KABUSHIKI KAISHA (JAPAN CORPORATION), TA TOYOTA MOTOR CORPORATION,
1, TOYOTA-CHO, TOYOTA-SHI AICHI-KEN, JAPAN

FOR: FINANCING THE PURCHASING AND LEASING OF AUTOMOBILES, IN CLASS 36 (U.S. CL. 102).

FIRST USE 8-4-1991; IN COMMERCE 8-4-1991.

OWNER OF U.S. REG. NO. 1,574,718.

SN 74-134,462, FILED 1-29-1991.

LYNN A. LUTHEY, EXAMINING ATTORNEY

Int. Cl.: 9

Prior U.S. Cl.: 21

## United States Patent and Trademark Office

Reg. No. 1,814,753
Registered Jan. 4, 1994

### TRADEMARK
### PRINCIPAL REGISTER



TOYOTA JIDOSHA KABUSHIKI KAISHA (JAPAN CORPORATION), TA TOYOTA MOTOR CORPORATION
1, TOYOTA-CHO, TOYOTA-SHI
AICHI-KEN, JAPAN

FOR: CELLULAR TELEPHONES, IN CLASS 9 (U.S. CL. 21).

FIRST USE 9-1-1989; IN COMMERCE 9-1-1989.
OWNER OF U.S. REG. NOS. 1,574,718, 1,619,755, AND 1,675,339.

SER. NO. 74-318,580, FILED 9-29-1992.

LINDA W. BUSHEE, EXAMINING ATTORNEY

**Int. Cls.: 6, 9, 14, 16, 18, 20, 21, 25, and 28**

**Prior U.S. Cls.: 2, 3, 13, 22, 25, 26, 27, 28, 30, 37, 39, 41, and 50**

## United States Patent and Trademark Office

Reg. No. 1,834,147
Registered May 3, 1994

## TRADEMARK
### PRINCIPAL REGISTER



TOYOTA JIDOSHA KABUSHIKI KAISHA (JAPAN CORPORATION), TA TOYOTA MOTOR CORPORATION,
1, TOYOTA-CHO, TOYOTA-SHI
AICHI-KEN, JAPAN

FOR: KEY RINGS, IN CLASS 6 (U.S. CLS. 13 AND 25).
FIRST USE 11-1-1989; IN COMMERCE 11-1-1989.
FOR: SUNGLASSES, AUTOMATIC UNITS FOR STORING AND DIALING PHONE NUMBERS, BINOCULARS, AND COMPACT DISC HOLDERS, IN CLASS 9 (U.S. CL. 26).
FIRST USE 11-1-1989; IN COMMERCE 11-1-1989.
FOR: CLOCKS AND WORLD TIME CLOCKS, IN CLASS 14 (U.S. CLS. 13, 25, 27 AND 28).
FIRST USE 11-1-1989; IN COMMERCE 11-1-1989.
FOR: BALLPOINT PENS, IN CLASS 16 (U.S. CLS. 37 AND 50).
FIRST USE 11-1-1989; IN COMMERCE 11-1-1989.
FOR: UMBRELLAS AND ATTACHE CASE, IN CLASS 18 (U.S. CLS. 2, 3 AND 41).
FIRST USE 11-1-1989; IN COMMERCE 11-1-1989.

FOR: NON-METAL KEY RINGS AND KEY CHAINS, IN CLASS 20 (U.S. CLS. 13, 25 AND 50).
FIRST USE 11-1-1989; IN COMMERCE 11-1-1989.
FOR: DRINKING CUPS, IN CLASS 21 (U.S. CLS. 2 AND 30).
FIRST USE 11-1-1989; IN COMMERCE 11-1-1989.
FOR: JACKETS, SWEAT SHIRTS, CAPS, SWEATERS, POLO SHIRTS, SPORT SHIRTS, PULLOVERS, WINDBREAKERS, VISORS, GOLF SHIRTS, AND CREWNECKS, IN CLASS 25 (U.S. CL. 39).
FIRST USE 11-1-1989; IN COMMERCE 11-1-1989.
FOR: GOLF BALLS, GOLF BAGS, GOLF BAG TRAVEL COVERS, HEAD COVERS FOR GOLF CLUBS, AND GOLF BALL SPOTTERS, IN CLASS 28 (U.S. CL. 22).
FIRST USE 8-1-1990; IN COMMERCE 8-1-1990.

SN 74-102,107, FILED 10-1-1990.

CYNTHIA GREER, EXAMINING ATTORNEY

Int. Cls.: 14, 16, 18, 21 and 28

Prior U.S. Cls.: 1, 2, 3, 5, 13, 22, 23, 27, 28, 29, 30, 33, 37, 38, 40, 41 and 50

**United States Patent and Trademark Office**

Reg. No. 2,852,290
Registered June 15, 2004

## TRADEMARK
### PRINCIPAL REGISTER



TOYOTA JIDOSHA KABUSHIKI KAISHA (JA-PAN CORPORATION), TA TOYOTA MOTOR CORPORATION
1, TOYOTA-SHI
AICHI-KEN, JAPAN

FOR: WATCHES, IN CLASS 14 (U.S. CLS. 2, 27, 28 AND 50).

FIRST USE 10-1-1990; IN COMMERCE 10-1-1990.

FOR: BINDERS AND BUSINESS CARD HOLD-ERS, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 10-1-1990; IN COMMERCE 10-1-1990.

FOR: TRAVELING BAGS, IN CLASS 18 (U.S. CLS. 1, 2, 3, 22 AND 41).

FIRST USE 10-1-1990; IN COMMERCE 10-1-1990.

FOR: BOTTLES SOLD EMPTY, IN CLASS 21 (U.S. CLS. 2, 13, 23, 29, 30, 33, 40 AND 50).

FIRST USE 10-1-1998; IN COMMERCE 10-1-1998.

FOR: STUFFED TOY ANIMALS, IN CLASS 28 (U.S. CLS. 22, 23, 38 AND 50).

FIRST USE 10-1-1998; IN COMMERCE 10-1-1998.

OWNER OF U.S. REG. NOS. 1,574,718, 1,834,147 AND OTHERS.

SER. NO. 75-918,983, FILED 2-16-2000.

TARAH HARDY, EXAMINING ATTORNEY

Int. Cl.: 12

Prior U.S. Cl.: 19

## United States Patent and Trademark Office

Reg. No. 1,619,755
Registered Oct. 30, 1990

## TRADEMARK
### PRINCIPAL REGISTER



TOYOTA JIDOSHA KABUSHIKI KAISHA (JAPAN CORPORATION)
1, TOYOTA-CHO, TOYOTA-SHI
AICHI-KEN, JAPAN

FOR: AUTOMOBILES AND STRUCTURAL PARTS THEREFOR, IN CLASS 12 (U.S. CL. 19).

FIRST USE 12–28–1987; IN COMMERCE 9–3–1988.

THE TRADEMARK IS A STYLIZED LETTER "L" IN AN OVAL DESIGN.

SER. NO. 74–027,725, FILED 2–12–1990.

ELLEN A. RUBEL, EXAMINING ATTORNEY