JEFFER, MANGELS, BUTLER & MARMARO LLP
JOEL D. DEUTSCH (Bar No. 102660)
JDeutsch@*jmbm.com*
RYAN S. MAUCK (Bar No. 223173),
*RMauck@jmbm.com*
1900 Avenue of the Stars, Seventh Floor
Los Angeles, California  90067-4308
Telephone:   (310) 203-8080
Facsimile:    (310) 203-0567

Attorneys for Plaintiffs Toyota Motor Sales, U.S.A., Inc. and Toyota Jidosha Kabushiki Kaisha also doing business as Toyota Motor Corporation

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOYOTA MOTOR SALES, U.S.A., INC., a California corporation, and TOYOTA JIDOSHA KABUSHIKI KAISHA also doing business as TOYOTA MOTOR CORPORATION, a Japanese corporation,<br><br>Plaintiffs,<br><br>v.<br><br>SARKIS BERBERYAN, an individual doing business as TOYOLEX; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.   CV08-06119 ODW (FFMx)<br><br><br>STIPULATED CONSENT JUDGMENT AND PERMANENT INJUNCTION |

IS HEREBY ORDERED AND ADJUDGED THAT:

1.    This Court has jurisdiction over the subject matter of this action and the parties thereto, specifically, plaintiffs Toyota Motor Sales, U.S.A., Inc. ("Toyota Motor Sales") and Toyota Jidosha Kabushiki Kaisha also doing business as Toyota Motor Corporation ("Toyota Motor Corporation") (collectively, "Toyota"), and defendant Sarkis Berberyan, an individual doing business as ToyoLex (collectively, "Defendant").

1     2.     Toyota is the owner of rights based on use and federal trademark registrations for the mark TOYOTA in plain text and in a distinctive stylized typefont often displayed in the color red, with or without the design of a highly stylized letter T formed by three ovals (collectively, the "Toyota Marks") in the United States in connection with the importation, distribution, and sale of motor vehicle products, and with the provision of related repair and maintenance services.  The U.S. Patent and Trademark Office has issued trademark/service mark registrations for the Toyota Marks including, but not limited to, Reg. Nos. 843,138; 1,274,261; 1,338,339; 1,589,552; 1,698,252; 1,721,365; 1,797,716; 1,888,870; 1,895,321; 2,920,684; 2,985,247; and 3,376,132, and such registrations are valid and enforceable.  The Toyota Marks are famous as that term is defined by federal and state law and are entitled to protection from dilution as provided by law.  A representative example of one of the Toyota Marks in stylized form is set forth below:

    3.     Toyota is the owner of rights based on use and federal trademark registrations for the mark LEXUS in plain text and in a distinctive stylized typefont with or without the stylized letter "L" within an oval (collectively, the "Lexus Marks") in the United States in connection with the importation, distribution, and sale of motor vehicle products, and with the provision of related repair and maintenance services.  The U.S. Patent and Trademark Office has issued trademark/service mark registrations for the Lexus Marks including, but not limited to, Reg. Nos. 1,574,718; 1,619,755; 1,675,339; 1,739,201; 1,814,753; 1,834,147; 2,575,617; and 2,852,290, and such registrations are valid and enforceable.  The Lexus Marks are famous as that term is defined by federal and state law and are entitled to protection from dilution as provided by law. A representative example of one of the Lexus Marks in stylized form is set forth below:



4. Collectively, the marks described in paragraphs 2-3 above are referred to herein as "Toyota's Marks."

5. Defendant uses the business name TOYOLEX (the "Infringing Mark") in connection with automotive services, on signage, business cards, advertisements, telephone directory listings, and printed materials. Defendant also owns the domain name <toyo-lex.com> (the "Domain Name"), which corresponds to the Infringing Mark. Defendant also uses the Lexus Marks and the Toyota Marks on banner signs placed within Defendant's service bays. Defendant displays the Infringing Mark in a stylized typefont that is confusingly similar to Toyota's display of Toyota's Marks in stylized form.

6. Toyota has alleged that its rights in Toyota's Marks have been violated by Defendant's use of the Infringing Mark, use of the Lexus Marks and the Toyota Marks, and use and registration of the Domain Name.

7. The following individuals and entities (collectively, the "Bound Parties")
(a) Defendant,
(b) Defendant's successors, assigns, directors, officers, employees, agents, independent contractors, servants, shareholders, insurers, parents, subsidiaries, affiliates and
(c) all those persons controlled by or in active concert or participation with the foregoing who receive actual notice of this Consent Judgment by personal service or otherwise;
are hereby permanently enjoined and restrained from:

A. Registering or owning any URL domain name containing the Infringing Mark, any of Toyota's Marks or any other trademark in which Toyota holds rights, including, without limitation, (i) Toyota's vehicle model names for Toyota, Lexus, and Scion brand vehicle products, and (ii) Toyota's trademarks that are the subject of registrations in the U.S. Patent and Trademark Office (collectively, together with Toyota's Marks, the "Enjoined Toyota Marks"), or any confusingly

similar variation thereof;

      B.    Marketing, selling, or advertising goods and services using the Infringing Mark, the Domain Name, or any other mark confusingly similar to the Enjoined Toyota Marks, or otherwise using the Enjoined Toyota Marks or any mark confusingly similar to the Enjoined Toyota Marks in a manner that infringes Toyota's rights;

      C.    Diluting the distinctive quality of the Enjoined Toyota Marks or injuring Toyota's business reputation in any manner whatsoever; and/or

      D.    Unfairly competing with Toyota in any manner whatsoever, or engaging in any unfair, fraudulent or deceptive business practices that relate in any way to the manufacture, distribution, advertisement, and sale of goods or services under the Domain Name, or any other mark confusingly similar to the Enjoined Toyota Marks.

8.    Defendant is ordered to transfer to Plaintiff Toyota Motor Sales, U.S.A., Inc., or cause the Bound Parties to transfer to Plaintiff Toyota Motor Sales, U.S.A., Inc., the Domain Name and any other domain name owned by Defendant which incorporates any of the Enjoined Toyota Marks, not later than ten (10) days after entry of this Order.  To facilitate the transfer, Defendant shall contact the registrar of the Domain Name and instruct that the registrar unlock the domain name and provide an authorization code for the transfer, which authorization code Defendant shall provide to Ryan S. Mauck, counsel for Plaintiffs.  Defendant shall comply with all other requirements of the domain name registrar in connection with the transfer.

9.    Defendant is ordered to remove and destroy all banner signs bearing the Toyota Marks and/or the Lexus Marks in Defendant's service bays, and to provide evidence of such removal and destruction to Ryan S. Mauck, counsel for Toyota, not later than ten (10) days after entry of this order.

10.    Not later than May 1, 2009, Defendant shall

(a) destroy or remove the Infringing Mark, the Enjoined Toyota Marks, and

the Domain Name. from, all promotional, marketing, and advertising materials, including, without limitation, signage, business cards, advertisements, telephone directory listings, printed materials, and domain names; provided however, that Defendant shall not be in violation of this Consent Judgment by (i) using the new business name "TL Motors" in a typefont that is not confusingly similar to Toyota's Marks in stylized form and/or (ii) using the phrase "independent Toyota and Lexus automotive service" in plain text, in a color other than red or gold, with the words "Toyota" and "Lexus" in the same size, font, and color as the surrounding text, and with the entire phrase appearing in a size substantially smaller and less prominent than Defendant's new business name;

(b) forward written requests to the publishers of all telephone directories in which the Infringing Mark appears, requesting said publishers to eliminate any reference to the Infringing Mark in the next edition of the telephone directories in question;

(c) forward written requests to the publishers of all online and any other directories in which the Infringing Mark appears, requesting said publishers to eliminate any reference the Infringing Mark in such online and other directories;

(d) amend Defendant's Los Angeles County fictitious business name statement for "Toyolex" to remove all references to "Toyolex" and change the business name to Defendant's new business name in compliance with this Consent Judgment;

(e) amend any other registrations for the Infringing Mark with any governmental authorities, including, but not limited to the California Bureau of Automotive Repair, to remove all references to "Toyolex" and change the business name to Defendant's new business name in

compliance with this Consent Judgment; and

(f) provide evidence of compliance with the foregoing paragraphs (a) through (e) inclusive to Ryan S. Mauck, counsel for Toyota.

11. Not later than six (6) months after the entry of this Consent Judgment, Defendant shall, pursuant to 15 U.S.C. § 1116(a), file with the Court and serve upon Toyota's counsel a report setting forth the manner and form in which Defendant has complied with this Consent Judgment.

12. Defendant shall take all reasonable steps to ensure that the Bound Parties do not violate the terms of this Consent Judgment. Defendant shall not assist any entity, directly or indirectly, in violating the terms of this Consent Judgment or in forming or assisting in the formation of new business entities whose conduct would violate the terms of this Consent Judgment if they were bound by the Judgment.

13. This Court shall retain jurisdiction over the parties hereto for the purposes of any proceeding to enforce this Consent Judgment. In the event the Bound Parties or any of them violate any of the terms of this Consent Judgment, Toyota shall be entitled to immediately seek an order to show cause as to why an injunction should not issue to prohibit such violation. In the event the Court determines that any violation of this Consent Judgment has taken place, Toyota shall be entitled to its reasonable attorney fees and costs incurred in addressing such violation.

14. Notwithstanding any contrary provisions of the Federal Rules of Civil Procedure, and notwithstanding the absence of any findings of fact and/or conclusions of law by this Court, any requirements for which have been expressly waived by Toyota and Defendant, this Consent Judgment is a final judgment in this action and suitable for entry by the Clerk pursuant to Fed. R. Civ. P. 58 and 79(a). All rights to appeal this final judgment, on any basis, have been expressly waived by Defendant.

15. Plaintiffs, through their undersigned counsel, and Defendant, having been advised of the opportunity to retain counsel in this matter but having declined to retain counsel, hereby consent to the entry of the foregoing Consent Judgment.

IT IS SO AGREED

DATED:                                          JEFFER, MANGELS, BUTLER & MARMARO LLP
                                                RYAN S. MAUCK


                                                By: _____
                                                      RYAN S. MAUCK
                                                Attorneys for Plaintiffs Toyota Motor Sales, U.S.A., Inc. and Toyota Jidosha Kabushiki Kaisha also doing business as Toyota Motor Corporation

DATED:


                                                By: _____
                                                      SARKIS BERBERYAN, individually and doing business as TOYOLEX

IT SO ORDERED.

DATED: November 26, 2008

                                                _____
                                                THE HONORABLE OTIS D. WRIGHT